Mario RAMOS–MENIEUR, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. Civ.A. 01–40109–NMG.

United States District Court,
D. Massachusetts.

June 27, 2001.

Mario Ramos-Menieur, Greenfield, MA,
pro se.

*MEMORANDUM AND ORDER*

GORTON, District Judge.

On June 19, 2001, petitioner, now incarcerated at the Franklin County Jail, submitted for filing his self-prepared pleading entitled "Motion to Vacate Judgement & Sentence" accompanied by an Application to Proceed Without Prepayment of Filing Fees. Although it appears petitioner intended to file this motion in his criminal action, C.R. 97–40032–NMG, the clerk assigned this motion a separate civil action number. Petitioner does not provide a jurisdictional basis for this motion and the court will not construe this motion under 28 U.S.C. § 2255.

On March 13, 2001, petitioner entered a guilty plea pursuant to a plea agreement and was sentenced on May 21, 2001. *See United States v. Dias,* C.R. No. 97–40032–NMG. Petitioner now complains that at the time of his guilty plea, the court and his attorney did not provide him with a warning that his guilty plea could result in his deportation.[1] Petitioner contends (Motion, ¶ 2) "removal proceedings were instituted against [petitioner] when the Immigration and Naturalization Service ('INS' or 'Service') issued a 'Notice to Appear' in order to show cause of non-deportability," It is clear petitioner seeks to have his conviction set-aside in order to avoid being considered deportable.

■ To the extent petitioner seeks to file this motion pursuant to Rule 32(e) of the Federal Rules of Criminal Procedure, the court cannot permit withdrawal of the

---

1. The warning, which is required in state court proceedings in the Commonwealth of Massachusetts pursuant to G.L. ch. 278, § 29D, provides in pertinent part: "The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises such defendant of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation....'"

plea because petitioner failed to file such motion before sentencing. Rule 32(e) provides that after sentencing "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255."

 Petitioner's claim, that he was not advised of the adverse immigration consequences of entering a guilty plea, cannot provide the basis for Section 2255 relief. The application of the collateral-consequences doctrine "bar[s] any ineffective assistance claims based on an attorney's failure to advise a client of his plea's immigration consequences." *United States v. Gonzalez,* 202 F.3d 20, 28 (1st Cir.2000). Because deportation is a collateral consequence of a guilty plea, district courts are not obliged to grant plea withdrawal motions filed by defendants who realize, post-plea, the immigration implications of their conviction. *Id.* at 28. (citations omitted).

Based upon the foregoing, it is hereby

ORDERED, petitioner's Application to Proceed Without Prepayment of Fees is ALLOWED; and it is further

ORDERED, the *pro se* Motion to Vacate Judgement and Sentence is DENIED.

SO ORDERED.